Meyer JACOBSON, Trustee, Appellant,

v.

NATIONAL WESTERN LIFE INSURANCE COMPANY et al., Appellees.

No. 14818.

Court of Civil Appeals of Texas.

Houston.

May 19, 1966.

Bailey & Blum, Ben Blum, Houston, for appellant.

Phipps, Smith & Alexander, J. H. Phipps, Irwin M. Herz, Jr., Galveston, for appellees.

COLEMAN, Justice.

This is an appeal from a summary judgment for the defendant in a suit filed for the purpose of setting aside the deed executed by a trustee after a sale purportedly authorized by the terms of a deed of trust.

There were no affidavits filed in support of the motion for summary judgment, and no depositions appear in the record. No pleading was filed by appellant in response to the motion for summary judgment other than an amended petition. The judgment recites: " * * * the Court having considered the pleadings and admissions on file and finding that they show an absence of genuine issue of any material fact * *." Apparently the admissions referred to are those contained in the pleadings of the plaintiff, since there is no formal request for admissions in the record or referred to in the briefs. The pleadings are unsworn.

The plaintiff alleged in his petition that he had paid two annual payments on the note secured by the deed of trust on the property in question. Both of the payments were late, but no question about late payment was raised by the owner of the note. When the third installment became due,

plaintiff was unable to pay same, but he had contracted to sell the property. Plaintiff alleged that he informed the defendant that the sale was in progress and requested that the defendant forgo the installment then due, and that the defendant agreed to extend the time for payment in order to assist plaintiff in concluding the sale. He alleged that the defendant thereafter without notice to plaintiff caused the property to be posted for foreclosure and a sale of the property to be held. He alleged that the trustee did not post notices of the sale at three public places as required by the deed of trust and the law of Texas and that the purchase price was grossly inadequate. The petition admits the execution of a note and deed of trust securing it, and that the property was purchased by the defendant at the trustee's sale. There were attached to the defendant's motion for summary judgment copies of the note and deed of trust. No copy of the trustee's deed appears in the record. The deed of trust provides: " *. * * It is expressly agreed that the recitals in the conveyance to the purchaser shall be full evidence of the truth of the matters herein stated, and all prerequisites
                                    sic
to said sale shall be presumed to have been performed. * * *"

The deed of trust authorizes a sale by the trustee of the property conveyed in case of a failure to pay the note secured thereby. The note authorizes the holder of the indebtedness to mature, without notice, the entire note on the failure of the debtor to pay an installment when due. It further provides that the "maker * * * of this note waives notice, demand for payment, presentment for acceleration of maturity, presentment for payment, notice of dishonor, diligence in collection, notice of protest, * * *."

Appellant has admitted by his pleading the execution of a note and deed of trust, the failure to pay an installment due under the terms of the note, and a sale by the trustee.

That provision in the deed of trust that in case of a sale there should be a presumption that all prerequisites to the sale had been performed is valid. It must be presumed that the note was properly matured and that notice of the sale was properly posted unless such presumption is rebutted. Graham and Locke Investments, Inc. v. Madison, Tex.Civ.App.1956, 295 S. W.2d 234, ref., n. r. e.; Cunningham v. Pashall, Tex.Civ.App.1940, 135 S.W.2d 293, dism., judgment correct.

This presumption was properly considered by the trial court since the deed of trust was attached to the motion as an exhibit. To raise a *genuine* issue of fact relative to the proper acceleration of payment and posting of notices, it was the burden of appellant to file an affidavit containing statements of fact which would have been admissible in evidence at a trial of the case. The presumption relieved appellees of their ordinary burden, in a summary judgment case, of negativing issues of fact arising under the pleadings relating to prerequisites to the sale. This holding is supported by the well established rule that where the proponent of a motion for summary judgment introduces extrinsic evidence demonstrating facts which would justify the granting of an instructed verdict had the case proceeded to trial on the merits, the opponent must show opposing evidentiary data raising an issue as to a material fact in order to defeat the motion. Gulf, C. & S. F. Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

The alleged agreement to extend the time of payment of the installment due is not enforceable because made without consideration and for an indefinite time. Crispi v. Emmott, Tex.Civ.App.1960, 337 S.W.2d 314; Mizell Construction Company and Truck Line, Inc. v. Mack Trucks, Inc., Tex.Civ.App.1961, 345 S.W.2d 835.

Appellant plead that by reason of the promise to forbear foreclosure pending the sale of the property, appellee waived his

right under the note and deed of trust to accelerate the maturity of the note and hold the trustee's sale without first notifying him of his intention to do so. He also alleged that had he known that appellee intended to foreclose he would have paid the installment or the entire note.

Proof of these allegations would have established that there was no default and no basis for acceleration of the remaining installments to become due under the note. San Antonio Real Estate Building & Loan Ass'n v. Stewart, 1901, 94 Tex. 441, 61 S.W. 386; Commercial Travelers Casualty Co. v. Johnson, Tex.Civ.App.1949, 217 S.W.2d 160.

 While proof of these facts would rebut the presumption that this prerequisite to a valid sale had occurred, in the absence of sworn pleadings, affidavits or depositions, the presumption raised by the agreement contained in the deed of trust must prevail over mere pleading. The purpose of the summary judgment procedure is to pierce pleading in order to ascertain the existence vel non of genuine issues of fact. Statham v. City of Tyler, Tex.Civ.App. 1953, 257 S.W.2d 742, ref., n. r. e.

While no point has been made of the fact that the note and deed of trust attached as exhibits to the motion for summary judgment were not certified or identified in a sworn pleading, the trial court properly considered these instruments. Youngstown Sheet and Tube Co. v. Penn, Tex.1963, 363 S.W.2d 230.

Appellant pled that the consideration paid at the trustee's sale was grossly inadequate. The amount of the consideration is not revealed by the record, and this allegation, though denied, raises an issue of fact. A trustee's sale will not be set aside because the consideration was inadequate unless there were irregularities connected with the sale which caused or contributed to cause the property to be sold for a grossly inadequate price. Sparkman v. McWhirter, Tex.Civ.App.1953, 263 S.W.2d

832, writ ref.; Stewart v. Stewart, Tex.Civ. App.1962, 357 S.W.2d 492.

Appellant has alleged no irregularities with respect to the manner in which the sale was conducted. His allegation with respect to the posting of notices was negatived by the presumption of regularity agreed to by the parties in the deed of trust. This issue, though raised by the pleadings, is not one concerning a material fact and will not prevent a summary judgment.

The judgment of the trial court is affirmed.