**John O. COX, Appellant,**

v.

**MEDICAL CENTER NATIONAL BANK,**
**Appellee.**

**No. 72.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 21, 1968.

J. Robert Harris, L. A. Greene, Jr., Houston, for appellant.

Robert H. Fisher, Carl & Lee, Houston, for appellee.

BARRON, Justice.

Appellant, John O. Cox, sued Medical Center National Bank and Trinity Arms Apartments, a corporation, in trespass to try title, seeking to set aside foreclosure of a deed of trust lien executed by one Joseph Smith, whose title appellant had acquired subject to the deed of trust through execution sale. In the alternative, appellant sought damages and to impress an equitable lien on the real property to secure payment of a damage claim. Appellant joined International Insurance Company, Alliance Mutual, Pacific Indemnity Company and Employers Liability Association as stakeholders, by reason of a fire which occurred and which damaged some of the improvements on the property, claiming liability of the insurance companies to appellant by reason of such fire under policies issued to the bank. The claim for damages was in the amount of $26,500.00 against appellee, Medical Center National Bank, a sum alleged by appellant for keeping construction work going on 106 apartments being constructed on the premises, and for $37,-000.00 for payment of accrued interest and breach of an alleged agreement between Cox and the bank. Trinity Arms Apartments filed a disclaimer and is out of the case.

The appellee, Medical Center National Bank, filed a motion for summary judgment supported by affidavit of Alfred L. Raney, an officer and director of the bank, a promissory note in the principal sum of $660,000.00, deed of trust from Joseph L. Smith in favor of Medical Center National Bank, extension of deed of trust, and the appointment of a substitute trustee, and substitute trustee's deed to the involved property to Medical Center National Bank. Appellant answered the motion for summary judgment with affidavits signed by John O. Cox, William L. Edmundson, III, and Sam Williamson. Sheriff's deed to the property was also attached showing sale to Cox on October 5, 1965, under an execution against Smith, whereby Cox became the record owner of the property in place of Smith, subject to the deed of trust lien aforesaid.

On August 2, 1967, after hearing on the motion for summary judgment, the trial court severed appellant's claim for damages and ordered a separate trial thereon. It was further decreed that appellant take nothing on his claims of title and liens against the real property involved and that he take nothing against the four insurance companies. In effect, the trial court grant-

ed the bank's motion for summary judgment in trespass to try title. From the judgment of the trial court appellant, Cox, has appealed the adverse judgment on claim of title, claim of lien, and claims against the insurance companies as stakeholders.

The affidavit of Alfred L. Raney, official of appellee bank, shows that on October 20, 1964, Joseph L. Smith executed a promissory note for $660,000.00 payable to the order of Medical Center National Bank and on the same date executed a deed of trust to Raney, as trustee, covering two tracts of land totaling 3.3529 acres in Harris County. The execution and delivery of the note and deed of trust were in connection with construction of new improvements upon the tracts of land. The bank had advanced to Smith a total of $196,-826.05 on the note, which matured as extended, on May 31, 1965. On May 31, 1965, the sum of $4,062.59 interest had accrued on the advances made to Smith, making $200,888.64 owing on the note at maturity. Default was made by Smith on the note. It developed that Smith had purported to create a first mortgage on said land but in fact had conveyed the land subject to an unpaid purchase money indebtedness which the bank subsequently purchased in order to protect its security, paying the sum of $52,162.50 therefor. The default having continued, a substitute trustee was named under the provisions of the deed of trust, and one, Richard Therrien, was requested by the bank to exercise the trust by foreclosure of the deed of trust lien. Immediately thereafter notices of foreclosure sale were posted to sell the land at public sale on the first Tuesday in November, 1965. Meanwhile, Cox had purchased the land at an execution sale on October 5, 1965, and was, at the time, owner of Smith's title to the property. After a conference on October 4, 1965, between Raney and Cox, the property was not sold in November, 1965, because the bank had agreed to accept the sum of $1,015.56 in payment of interest by Cox which had accrued through the first Tuesday of November, 1965. Raney's affidavit shows that the maturity date of the indebtedness was not extended. He further denies that there were any other promises or representations made by the bank, and stated that it was clearly understood with Cox that notices of trustee's sale would be reposted so that the property could be sold the first Tuesday of the following month. Thereafter, notices were posted each consecutive month, but the sale of the property was withheld in December, January and February because on the sale day of each month interest on the indebtedness for the past month was tendered to and accepted by the bank. When no tender of the principal indebtedness was ever made, Medical Center National Bank declined to accept any further tender of interest, and upon request of the bank, the substitute trustee sold the property on March 1, 1966 to the bank for a consideration of $120,000.00 cash, to be credited on the note. At the time, the indebtedness secured by the deed of trust was wholly past due and owing. No representation was made that there would be no eventual foreclosure.

Appellant, Cox, in his affidavit, disputes certain portions of Raney's affidavit. He stated that between February, 1965 and March, 1966, he paid out sums of money to the bank, to various contractors and suppliers in connection with the construction project, and that the money was paid in reliance on statements and representations made by Mr. Raney, acting for the bank. He stated that Raney told him that the bank would postpone foreclosing its lien on the construction project so long as progress was being made toward permanent refinancing of the project and completion of the construction and so long as the interest on the Smith loan was paid as it accrued. He further stated that he "paid the interest on the Smith loan to Medical Center National Bank as it accrued." He further stated that he talked with various people about refinancing the project and had worked out an arrangement with a

lender for permanent financing and received a commitment on the new loan. He obtained releases from contractors and suppliers on the project and placed same with a title company pending closing of the deal, and that he advised Raney of the above. Cox's statements were to some extent corroborated by the affidavits of Williamson and Edmundson, who claimed to have been present at the time of the conversation between Cox and Raney on or about October 4, 1965.

■ The nature and extent of the promises or representations made by Raney in his conversations with Cox controls the right of the bank to foreclose its lien on the property involved. The controlling question is the legal effect of Raney's oral statements that foreclosure would be withheld if Cox would pay the interest on the loan. There was no agreement on the part of Raney, for the bank to withhold foreclosure for any definite time, and it has been held that an oral agreement of this kind is made without consideration. John Hancock Mut. Life Ins. Co. v. Howard, 85 S.W.2d 986 (Tex.Civ.App.), writ ref.; Jacobson v. National Western Life Ins. Co., 403 S.W.2d 528, 530 (Tex.Civ. App.), no writ hist. Therefore, the agreement itself cannot be enforced, conceding that it was made.

But appellant apparently does not base his rights concerning title upon contract. Appellant's rights are based upon an alleged temporary waiver or estoppel by the bank of its right to sell the property under the deed of trust. See John Hancock Mut. Life Ins. Co. v. Howard, supra. It is clear that the indebtedness owed to the bank was fully matured and that default had long been made in its payment. Appellant relies upon Raney's statement that the bank would not foreclose so long as the interest is paid. The undisputed facts are, however, that the bank did forego foreclosure during November, December, January and February upon payment of interest by Cox, and we believe that to hold that the bank was permanently deprived of its right to foreclose its lien, or deprived of its right to foreclose at a time deemed necessary by the bank to protect its investment, would be unreasonable and at variance with the plain written terms of the deed of trust. There is no tender of either payment of interest for February, 1966, or payment of principal by Cox shown in the record.

■■ There is no claim that the principal of the note would ever be paid by Cox and there is no claim that the property was sold without notice to Cox so he could raise the money and pay the note. It cannot be successfully contended that Raney's statements on October 4, 1965, amounted to anything more than a *temporary* waiver or that the bank became estopped to foreclose the lien for more than a short period. A new agreement was made each month a sale was delayed and this testimony stands unrefuted in the record. It has been held that the fact that negotiations were pending for renewal of indebtedness does not constitute a defense and is not such an irregularity as will warrant a setting aside of the sale. Sparkman v. McWhirter, 263 S.W.2d 832, 837 (Tex. Civ.App.), writ ref. The deed of trust here contained a provision that in case of sale a presumption results that all prerequisites to the sale had been performed. It is clear that all steps necessary to a lawful foreclosure of the bank's lien were taken, and there is nothing in the record to rebut the presumption of validity. Jacobson v. National Western Life Ins. Co., supra; 39 Tex.Jur.2d 210. The trial court fully protected appellant by severing the damage claim and ordering a separate trial thereon. If appellant has suffered any loss, that action offers him his opportunity for full relief. It cannot be said that the bank is to be deprived of its right to enforce its mortgage by oral, general statements of an official of the bank that no foreclosure would be had so long as the interest is paid, when the principal indebtedness is seriously in default and after the

bank has delayed its foreclosure for four months. Mizell Const. Co. & Truck Line, Inc. v. Mack Trucks, Inc., 345 S.W.2d 835 (Tex.Civ.App.), no writ hist. To give the effect desired by appellant to such a statement would be to nullify the primary obligation created by the note and to do violence to the written terms of the deed of trust.

■ Rules governing summary judgment are well stated in the case of Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.Sup.). Summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as. to the existence of a genuine issue as to a material fact are resolved against him. Evidence which favors the movant's position is not considered unless it is uncontradicted, and if such uncontradicted evidence is from an interested witness, it cannot be considered as doing more than raising an issue of fact, unless it is clear, direct and positive and there are no circumstances in evidence tending to discredit or impeach such testimony. This exception is especially true where the opposite party has the means and opportunity of disproving the testimony if it is not true, and fails to do so.

■■ In the present case none of the prerequisites to a valid sale have been controverted by appellant, except that appellant stated that the bank promised to forego foreclosure if the interest on the note held by the bank was paid as it accrued. Appellant further stated that he paid the interest as it accrued. It is uncontroverted that $200,888.64, principal and interest, had matured on May 31, 1965, and that default was made by Smith on that date. The maturity date of said indebtedness was not extended. Notices were posted each consecutive month, but the sale of the property was withheld in November, December,

January and February because on the sale day of each month interest on the indebtedness for the past month was tendered to the bank by Cox, and was accepted by the bank, each time (subsequent to Raney's statements of October 4, 1965) without any agreement, promise or representation that the maturity of the indebtedness would be extended or the remedy of foreclosure abandoned. Each time interest was paid subsequent to the October 4, 1965 meeting, it was clearly understood by Cox that the principal indebtedness remained matured and that, although the sale was not held in the month in which the interest was paid, notices, of trustee's sale would be reposted for a sale in the following month. No tender of any portion of the principal indebtedness, nor any interest payment for February before the sale date on March 1, 1966 was made by Cox, and the property was sold under the deed of trust to Medical Center National Bank. No tender of interest payments by Cox is shown in the record from January, 1966, to date of trial on July 3, 1967. While Cox stated that he paid the interest as it accrued, the statement is general and amounts to a conclusion. No specific facts were given by him showing when the payments were made or tendered and for how long or how much. No reasons were given for such failure, and though he had the opportunity to explain the matter specifically if it were true, he made no further statements regarding payment and tender. None of the above material facts were controverted by appellant. The affidavit of Raney, for the bank, was clear, direct and positive, and we believe the material facts above, undenied or unexplained by appellant, clearly warrant the trial court's action in granting summary judgment in favor of Medical Center National Bank unholding the validity of the sale and the bank's title. Lotspeich v. Chance Vought Aircraft, 369 S.W.2d 705 (Tex.Civ.App.), writ ref., n. r. e.; Midwestern Development Co. v. Dunlap, 389 S.W.2d 112 (Tex.Civ.App.), writ ref., n. r. e.; Jacobson v. National Western Life Ins. Co., supra. In a sum-

mary judgment proceeding, the opponent must show opposing evidentiary data raising an issue as to a *material* fact in order to defeat the motion. Gulf, C. & S. F. Ry. Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492.

Appellant's claims against the four insurance companies were dependent upon his establishing title to the real property. Since the matter of title was determined adversely to him, it follows that relief against the insurance companies was also correctly denied.

Appellant's action for damages by reason of an alleged contract or agreement with the bank remains on the docket of the trial court. The trial court had the power to sever that action, and it correctly did so. Rule 41, Texas Rules of Civil Procedure.

We have examined each of appellant's contentions and we find no reversible error. The judgment of the trial court is affirmed.

Affirmed.