**Carl MITCHELL, Appellant,**

v.

**H. S. FOSTER, Appellee.**

**No. 4606.**

Court of Civil Appeals of Texas, Eastland.

March 23, 1973.

Rehearing Denied April 13, 1973.

Ben Sudderth, Comanche, for appellant.

Joseph A. Chandler, Stephenville, for appellee.

RALEIGH BROWN, Justice.

Carl Mitchell sued H. S. Foster seeking cancellation in whole or in part of a trustee deed. Foster's motion for a summary judgment under Rule 166–A, Tex.Rules of Civ. Proc., was granted. Mitchell appeals.

Our Supreme Court stated in Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company, 391 S.W.2d 41 (Tex.Sup.1965):

"Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gul-

benkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex.Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954)."

 The rule to be followed in rendering or affirming a summary judgment in favor of a defendant was stated by the Court in Gibbs v. General Motors Corporation, 450 S.W.2d 827 (Tex.Sup.1970):

"In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the summary judgment proof *establishes as a matter of law that there is no genuine issue* of fact as to one or more of the essential elements of the plaintiff's cause of action."

We must determine whether Foster is entitled to a judgment as a matter of law.

Mitchell contends in this appeal that the summary judgment proof establishes the existence of genuine material issues of fact. The affidavits of R. L. Vaughn and B. F. Barnes attached to Mitchell's answer in opposition to Foster's motion for summary judgment state that each were in attendance at the trustee sale; that T. C. Granberry, Trustee, never mentioned, referred to, or offered to sell Tract No. 2 which was known as the "old Thompson place"; that only Tract No. 1, the "Wade Cowan place" was offered for sale. The Vaughn affidavit further stated that he as a real estate agent was authorized to bid on the property but the limiting announcement of Granberry prevented him from doing so. His affidavit also states that the fair market value of the property, in his opinion, was at least $150 per acre. The trustee's deed to Foster included both tracts totaling 581 acres for a consideration of $45,665.34.

Mitchell contends in his action against Foster that the conduct of the Trustee, Granberry, at the sale was such an irregularity that caused or contributed to cause the property to be sold for a grossly inadequate price.

It is well settled that the sale of property at a foreclosure sale will not be voided merely because of inadequate price. Sparkman v. McWhirter, 263 S.W.2d 832 (Tex.Civ.App.—Dallas 1953, writ ref.); Thornton v. Goodman, 216 S.W. 147 (Tex.Com.App.1919). There must be evidence of irregularity which caused or contributed to cause the property to be sold for a grossly inadequate price. White v. Lakewood Bank and Trust Company, 438 S.W.2d 129 (Tex.Civ.App.—Dallas 1969, no writ hist.).

We think a material fact question does exist and hold that Foster did not establish as a matter of law that none existed.

The judgment is reversed and the cause remanded for trial.