C. C. VELTMANN et ux., Appellants,

v.

Darwin HOFFMAN and Tully Shahan, Appellees.

No. 16886.

Court of Civil Appeals of Texas, San Antonio.

July 29, 1981.

John C. Hampton, Del Rio, for appellants.

Tully Shahan, Brackettville, for appellees.

OPINION

CADENA, Chief Justice.

Plaintiffs, C. C. Veltmann and wife, Mary Louise Veltmann, appeal from an order of the district court denying their application for a temporary injunction preventing de-

fendants, Darwin Hoffman and Tully Shahan from proceeding with a nonjudicial foreclosure of a deed of trust lien. This Court, on appellants' motion, issued a temporary injunction forbidding such sale in order to protect the jurisdiction of this Court, shortened the time for briefing and advanced the appeal.

On November 24, 1980, appellants executed a real estate lien note, payable to Darwin R. Hoffman on or before February 5, 1981, in the principal amount of $36,133.50, with interest at the rate of 10% per year. The note was secured by a deed of trust to Tully Shahan, trustee. The note has not been paid.

Notice of sale was posted naming April 7, 1981, as the date of sale. At the request of appellants, this sale was postponed to enable appellants to arrange for a loan in order to pay the note. Notice of a sale to take place on May 5, 1981, was then given, but this sale was postponed because of Mr. Veltmann's agreement to assign his claim under an insurance policy to Hoffman. Notice was then posted for a sale to take place on June 2, 1981, but the trial court issued a temporary restraining order preventing such sale. After the temporary injunction was denied on June 12, 1981, proper steps were taken to effect a sale on July 7, 1981, but such sale was prevented by the temporary injunction issued by this Court.

Appellants contend that the right to nonjudicial foreclosure of the deed of trust lien has been waived or, in the alternative, that appellees are estopped from asserting such right. Basically, appellants argue that appellees must be penalized because of their failure to proceed to foreclosure in February, March, April or May, 1981.

We know of no case holding that a lienholder who, at the request of the debtor, postpones a nonjudicial foreclosure sale in order to afford the debtor an opportunity to avoid loss of his land is to be penalized by being deprived of the right to foreclose. If there were such a case, we would be reluctant to follow it in view of the facts disclosed by the record before us.

Veltmann testified that on or about February 5, 1981, the day the note was due, he realized that he would not be able to make payment. At that time he began discussing the matter with Hoffman and Shahan. According to Veltmann, he made arrangements to get the money. Notice of a foreclosure sale to be held on April 7 was given but, according to Veltmann, the sale was postponed because he promised that he would "get the money." When asked whether he had obtained the money he answered that he "had a source for it." He testified that he did not borrow the money "because of the interest rate being so exorbitant" and he didn't think it was necessary for him to borrow the money because Hoffman and Shahan "had agreed to forego the sale."

When the promised payment was not made, notice was given of foreclosure sale to be held on May 5, 1981. This sale was also postponed at plaintiff's request because of his promise to assign to Hoffman a claim he had against an insurance company. Veltmann stated that Shahan agreed to wait until the insurance claim was paid. He admitted that he understood that if the money realized from the claim was insufficient to pay the note he would "have to come up with other funds to pay the full amount of the note."

Veltmann settled his insurance claim for $25,000.00, which was insufficient to pay the full amount of the note, and he secured no additional funds to make up the difference. Shahan then gave notice of sale to be held on June 2, 1981.

On June 1, 1981, plaintiffs filed this suit, and a temporary restraining order preventing the proposed June 2 sale was issued on June 2 prior to the time the sale was to take place.

During the hearing on the application for temporary injunction in the trial court, Veltmann testified that he had made arrangements to borrow the additional money required to pay the note and would be able to pay the full amount before the first day of July. After the trial court refused to issue the temporary injunction on June 12,

plaintiffs perfected their appeal to this court and we granted a temporary injunction restraining a sale which had been advertised to take place on July 7. The appeal was heard on its merits on July 17, at which time plaintiffs admitted that the note remained unpaid.

We believe this case is controlled by the holding in *Cox v. Medical Center National Bank*, 424 S.W.2d 954 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ). In *Cox* it was held that the fact that a lienholder had foregone foreclosure of a deed of trust lien during November, December, January and February because of the debtor's agreement to pay interest on the indebtedness, constituted, at most, a temporary waiver of the right to foreclose and did not estop the lienholder from effecting a subsequent foreclosure. We do not consider the fact that *Cox* involved a suit to set aside a foreclosure sale, rather than a suit to enjoin such sale, furnishes a tenable basis for distinguishing that case from the case now before us.

Under the facts of this case it cannot be said that the trial court abused its discretion in denying the temporary injunction.

The judgment of the trial court is affirmed, and the temporary injunction granted by this Court enjoining defendants from proceeding with foreclosure of their lien is dissolved.