### McNEILL v. SIMPSON et al.

### No. 1469—5707.

Commission of Appeals of Texas, Section, A.
June 10, 1931.

Nat Harris and Tom P. Scott, both of Waco, for plaintiff in error.

Taylor, Atkinson & Farmer and Aubrey Morris, all of Waco, for defendants in error.

HARVEY, P. J.

On January 1, 1923, H. K. T. Bonds, as maker, executed a promissory note to B. M. Simpson, payable one year after date. The note provided for interest at the rate of 10 per cent. per annum from date until paid, and was indorsed by A. A. McNeill. On January 1, 1927, the principal of the note, and two years' accrued interest, remained unpaid. At that time, Bonds and McNeill being unable to pay the note, Simpson orally agreed with them "to carry the note another year," if the past-due interest was paid. This agreement between the parties was oral. McNeill further agreed orally that, if Bonds did not pay the past-due interest, he (McNeill) would. Shortly afterwards the past-due interest was paid by Bonds. On April 16, 1928, which was more than four years after the maturity date named in the note, Simpson brought this suit against Bonds and McNeill to recover the indebtedness evidenced by the note. In his petition, Simpson describes the note, and sets up the oral agreement of January, 1927, as constituting a binding contract of extension of the time of payment, and predicates his alleged cause of action thereon as of a new contract to pay said indebtedness. Bonds duly pleaded his discharge in bankruptcy since the commencement of this suit. McNeill set up, and urges here that the oral agreement of January, 1927, was without consideration, and therefore was not a binding contract between the parties, and further that an action on the note is barred by limitation, in that, being oral, the said agreement, because of the provisions of article 5539 of the statutes, did not stop the running of limitation. The case, as between Simpson and McNeill, was tried to a jury. Judgment was rendered in favor of Bonds on his plea of discharge in bankruptcy, and against McNeill, in favor of Simpson, for the amount sued for. McNeill appealed, and the Court of Civil Appeals affirmed the judgment of the trial court. 24 S.W.(2d) 485. McNeill was granted the writ of error on account of alleged conflict of decisions.

Where the parties to a promissory note, which is past due but is unbarred by limitation, and which by its terms bears interest until paid, mutually agree to an extension of the time of payment of the note to a future date, a new contract, based upon a new consideration deemed valuable in law, arises between the parties. By such an agreement, each of the parties becomes obligated to the other in respects not comprehended by the contract arising from the note. The payee impliedly promises to surrender his present

right to demand immediate payment of the indebtedness represented by the note, and to forego suit during the extension period; the payor impliedly promises to pay said indebtedness on the new maturity date, together with interest up to that date, in any event, at the rate provided in the note. Each of these new promises constitutes the consideration for the other, and a binding contract, embodying the terms of the note, as modified by the new agreement, results. Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128. In such a case, we understand the rule to be that, despite the fact that said agreement is oral, the existing right of action, which accrued to the creditor under the note, is relinquished, and that another right of action for the debt does not accrue to him until the new promise of the debtor to pay is breached. Limitation does not commence to run against an action to enforce the debtor's new promise to pay, until the time for performance of the new promise arrives. Heisch v. Adams, 81 Tex. 94, 16 S. W. 790; Port Arthur Rice Mill Co. v. Beaumont Rice Mills, 105 Tex. 514, 143 S. W. 926, 148 S. W. 283, 150 S. W. 884, 152 S. W. 629.

The foregoing legal principles are applicable to the present case. The words of the agreement of January, 1927, were that the "note" was to be "carried another year." This language clearly imports a purpose to extend the time of payment of the indebtedness evidenced by the note to January 1, 1928. From this extension agreement, constituting as it does a new contract binding the respective parties to new engagements, the cause of action declared on arose. This cause of action has never become barred by limitation; therefore article 5539 of the statutes does not apply.

McNeill further complains here, as he did in the Court of Civil Appeals, of the action of the trial court in overruling his plea of privilege to be sued in the county of his residence. Bonds resides in the county in which this suit was brought. McNeill resides in another county. We have carefully considered the contentions in respect to this, and find no error. McNeill, being a party to the extension agreement, and the jury having in effect so found, he, as well as Bonds, became liable, under that agreement, to pay the indebtedness as contemplated by the agreement. Both, therefore, were properly sued in the county in which Bonds resides. Rev. St. art. 1995, subdivision 4.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.