**J. G. CRISPI, Administrator of the Estate of Lloyd R. Day, Deceased, Appellant,**

**v.**

**A. V. EMMOTT, Appellee.**

**No. 13518.**

Court of Civil Appeals of Texas.

Houston.

July 14, 1960.

Hill, Lowry, Lee & Koster, Ralph G. Koster, Houston, for appellant.

Clyde B. Meyer, Houston, for appellee.

WOODRUFF, Justice.

Appellee, A. V. Emmott, filed suit January 10, 1959 against J. G. Crispi, as Administrator of the Estate of Lloyd R. Day, to establish a claim for $937.75 alleged to be due on a $1,000 promissory note executed by Lloyd R. Day on December 29, 1953 payable to appellee on or before April 1, 1954. Appellee alleged extensions of the note, as hereafter stated. In a trial to the court without a jury, judgment was rendered in Emmott's behalf for $937.75 against Crispi as administrator and ordering that it be certified to the Clerk of the Probate Court. From this judgment the administrator has appealed. No findings of fact or conclusions of law were requested or made.

It was stipulated that Day died October 29, 1957 and on November 8, 1957 Crispi filed application to be appointed administrator of Day's estate. Crispi, having been appointed, qualified on February 2, 1958 by filing oath and bond, and on November 6, 1958 appellee filed his claim against Day's estate with Crispi as Administrator, who rejected it. Within 90 days Emmott filed this suit. See V.A.T.S., Probate Code, § 313; Decedents Estates, Sec. 608, Vol. 14–A Tex.Jur., p. 570.

Omitting the formal allegations, appellee alleged in his petition:

"* * * Lloyd R. Day at the time of his death was justly indebted and owed the Plaintiff the sum of $852.50, same being the balance due, less a credit of $147.50, on that certain promissory note dated December 29, 1953, due on April 1, 1954, and extended on several occasions as more fully appears from the endorsement thereon to April 1, 1958, executed by the said Lloyd R. Day and payable to the order of this Plaintiff in Houston, Texas in the principal sum of $1,000.00, and which note providing for 10% as attorney's fees, all now aggregating the sum of $937.75, principal and attorney's fees, now past due and unpaid * * *."

Attached to the petition was a copy of appellee's claim, accompanied by a photostatic copy of the note. On its reverse side under a column headed "Credits" appears the notation, "12/31/54 (Principal) $147.50. (Received Payment) Credit for work not completed." Under another

column headed "Endorsement" were the following handwritten notations:

"October 15, 1954 note and mtg. extended to April 1, 1955
April 10, 1955 extended to 4/1/56
April 5, 1956 extended to 4/1/57
April 8, 1957 extended to 4/1/58
These extensions are taken from my accts. Receivable ledgers of the Lloyd R. Day accts. (Tax Acctg System)."

Appellant Crispi, in addition to a general denial, answered by pleading in bar the four year statute of limitation, excluding the interval between Day's death and Crispi's qualifying as administrator.

After filing his answer, but before trial on the merits, appellant presented a motion for judgment on the pleadings, asserting the endorsements were taken from accounting records which constituted self-serving and unilateral attempts to extend payments on the note without any allegations of a valid consideration. The motion was overruled by the trial court and that ruling is assigned as appellant's first Point of Error.

In our opinion, the motion was properly overruled. Though Rule 90, Texas Rules of Civil Procedure, recites that defects in pleadings may be pointed out by motion or exception, it expressly provides that general demurrers shall not be used. Too, it is settled that special demurrers cannot be used to accomplish the purpose of a general demurrer. Maxwell v. Maxwell, Tex.Civ.App., 204 S.W.2d 32, n. r. e. It is equally clear, in our opinion, that Rule 90 does not contemplate the preliminary motion practice in lieu of a general demurrer. Gehrke et al. v. State of Texas, Tex.Civ.App., 315 S.W.2d 684; McDonald's Texas Civil Practice, Sec. 7.18, Vol. 2, p. 637.

Appellant's remaining five Points assign as error the action of the trial court in granting appellee judgment on oral extensions of the note without sufficient pleading or proof of any consideration or mutual agreement; in admitting in evidence over appellant's objections oral transactions between appellee and deceased Day in violation of Art. 3716, Vernon's Ann.Civ. St.; and in admitting entries from records which were neither properly qualified nor shown to be germane to such records.

Appellee Emmott was the only witness. Testifying in his own behalf, he stated he was in the bookbinding business. On December 29, 1953 he had a "business transaction" with Mr. Lloyd R. Day, who did tax work as "Tax Accounting System." When he was asked, "In the conduct of your business affairs with Mr. Day, did you have occasion to sell him any goods or commodities or furnish him any services?" Appellant objected because it involved a transaction with the deceased. The objection was overruled and Emmott was permitted to testify: "He was publishing some tax books and we were putting the binding on them, furnishing the labor and material." Upon Emmott's being asked, "Now, were any arrangements made for credit or extension of credit at this time?" Appellant again objected and requested, "May I have a continuing objection under the Dead Man's Statute?" Whereupon the court stated, "Your objection to this question, Counsel, might be good, but I don't know about the next one. He just asked him if he had some arrangements with him." The witness then answered, "Yes, sir, we did."

Appellee's counsel then asked, "In connection with your arrangements about the extension of credit with Mr. Lloyd R. Day, I will ask you whether or not he gave you this note for the sum of $1,000.00?" to which Mr. Emmott answered, "Yes, he did." Again appellant objected, "to the fact he gave him a note as a transaction with the deceased," and was overruled. Mr. Emmott confirmed his "counsel's" statement that the note was dated December 29, 1953, and was due in the sum of $1,000 "on or before April 1, 1954." Upon being asked if any payment or credit was

made on the note, Emmott stated, "He gave me the note not knowing exactly how much the work we were going to do would be. We approximated it at $1,000.00." As to "This $1,000.00" Emmott stated Day owed $852.50 because "I gave him credit on the back of the note for $147.50 on December 31, 1954."

Appellee testified he handled the taking of the note. He, too, had made the entries thereon. After crediting $147.50, the balance due was $852.50 on December 31, 1954. No amount had been received thereafter. The note was made payable April 1, 1954 because the "main part of Day's income was from income tax work between January 1st and March 15th."

Appellee's counsel, addressing Mr. Emmott, then stated, "I am going to show you this note and looking on the back under 'Endorsements' if you will tell us on the various days and dates on which you extended that note?" Mr. Emmott replied, "On Oct. 15, 1954 the note was extended to April 1, 1955. On April 10, 1955 it was extended to April 1, 1956. On April 5, 1956 it was extended to April 1, 1957. On April 8, 1957, it was extended to April 1, 1958," obviously reading from the endorsements on the back of the note. He said he made the endorsements "personally." At that point the court asked, "You say endorsements?" Appellee's counsel explained, "This writing on the back." The court then queried, "They constitute the extensions?" Replying, appellee's counsel stated, "Yes, sir, your Honor." The court continued, "Were they made at the time and date indicated?" and Emmott replied, "These notes were put on here from notes I took from my ledger sheets," his accounts receivable ledger, which "was posted on every one of the occasions that bear the dates on the back of this note." These postings, he said, were made in the regular course of business.

Alluding to the ledger sheets (which were never tendered in evidence), · Mr. Emmott was asked by his counsel to refer to the entry of October 14, 1954 and to read from the ledger "the exact words written with reference to the extension of the Lloyd R. Day note." Over appellant's "running objection" accorded appellant by the court, that the entries are not those normally made in the regular course of business and are not "to be taken in the same light as business entries," Mr. Emmott read from the sheets the entries which corresponded with those appearing on the back of the note and stated they were in his handwriting and made in the ordinary course of business. Upon his identifying the note, it was admitted in evidence over appellant's objection that the endorsements constituted an alteration of the note contrary to its terms.

Appellee takes the position that the $1,000 note executed on December 3, 1953 and payable on April 1, 1954 was only an arrangement for the extension of credit. Consequently, he argues, the note, though payable, under its terms, on April 1, 1954, was not really due until Mr. Emmott entered the credit of $147.50 for the work not completed on December 31, 1954, which was less than four years before he filed his claim with appellant on November 6, 1958, and therefore, it was not barred by limitation.

No such theory was pled by appellee and in fact it is actually repudiated by the affirmative allegations of his pleadings as well as his proof. He alleged the note was due on April 1, 1954 and was extended as appears "from the endorsements thereon", the first of which reads: "October 15, 1954, note and mtg. extended to April 1, 1955." Moreover, when Mr. Emmott was asked by his counsel "the various days and dates" on which the note was extended, he answered by reading the endorsements beginning with "October 15, 1954, note and mortgage extended to April 1, 1955" etc.

■ Mr. Emmott's testimony, as it was admitted in evidence on the trial with reference to the $147.50 credit and the four extension notations on the note, is of no

probative force to establish the terms of any parol agreement between him and the deceased Day with reference to any extension of payment of the note. McKenzie v. Lewis, Tex.Civ.App., 105 S.W.2d 451. Without question, it cannot be contended that such entries were proof that deceased Day agreed he would not pay the note before the expiration of the stated periods. Moreover, there is no proof that Day agreed to pay any interest during such periods. In fact, it appears from appellee's claim, which he filed with appellant as administrator, his petition in the trial court and his testimony during the trial, that he never claimed that the deceased Day had agreed to pay any interest during any of the periods of extension. This is confirmed by the judgment entered in appellee's behalf in omitting any recovery for interest prior to the date of the judgment though it did provide for 6% interest thereafter on $937.50 awarded to appellee, which obviously represented the sum of $852.50 which appellee alleged in his petition was due on the $1,000 note after applying the credit of $147.50 plus 10% attorney's fees provided in the note.

■ The law is settled that extensions of notes are founded on contract. If an extension agreement is in writing, it imports consideration but if it is in parol, in order to be valid and enforceable it must be supported by a valid consideration such as the payment of interest and the declaration of the extension must be for a definite period during which the maker binds himself not to make payment and the payee forbears his right to bring suit. Tsemelis v. Sinton State Bank, Tex.Com.App., 53 S.W. 2d 461, 85 A.L.R. 319; McNeill v. Simpson, Tex.Com.App., 39 S.W.2d 835; Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061; Tolbert v. McSwain, Tex.Civ.App., 137 S.W. 2d 1051.

In our opinion, appellee's testimony was wholly insufficient to support a finding of any valid extension agreement and appellant's Points 2 and 3 are sustained.

· In Point 4 appellant complains of the trial court's action in admitting Mr. Emmott's testimony relating to transactions with the deceased, over his objection that the evidence was in violation of Article 3716, V.A.T.S. As shown in the resume of the testimony heretofore stated, appellant at the very outset of Mr. Emmott's testimony objected under the "Dead Man's Statute" to his testifying to any transaction with the deceased Day. This objection was overruled. In fact, appellant made several objections thereafter on the same ground, all of which were overruled, and the testimony was admitted. It appears, too, that additional testimony of the same character was thereafter elicited from Mr. Emmott without appellant repeating such objection.

■ The rule is well settled that where a party makes a proper objection to the introduction of testimony of a witness and is overruled, he is entitled to assume that the judge will make the same ruling as to other offers of similar evidence and he is not required to repeat the objection. McCormick and Ray, Texas Law of Evidence, Sec. 27, p. 27; J. I. Case Threshing Machine Co. v. O'Keefe, Tex.Civ.App., 259 S.W.2d 222, error dism.; Ft. Worth & R. G. Ry. Co. v. Jones, 38 Tex.Civ.App. 129, 85 S.W. 37.

■ The law is also settled that the provisions of Article 3716, V.A.T.S., apply with equal force to books of account kept by a party who seeks to establish by his records a transaction with a deceased. Hedges v. Williams, 26 Tex.Civ.App. 551, 64 S.W. 76; Watson v. Dodson, Tex.Civ. App., 143 S.W. 329; McCoy's Estate v. Brown, Tex.Civ.App., 268 S.W. 241. In our opinion, the trial court erred in admitting in evidence, over appellant's objection, any of Mr. Emmott's testimony following his first objection. Appellant's Points 4 and 5 are, therefore, sustained.

This cause is, therefore, reversed and remanded.