**MIZELL CONSTRUCTION COMPANY AND TRUCK LINE, INC., Appellant,**

v.

**MACK TRUCKS, INC., Appellee.**

No. 13700.

Court of Civil Appeals of Texas.

Houston.

April 20, 1961.

J. C. Zbranek, Liberty, for appellant.

John C. Ridley, Houston, for appellee.

WERLEIN, Justice.

This is an appeal from a summary judgment granted appellee, Mack Trucks, Inc., against appellant, Mizell Construction Company and Truck Line, Inc., for an alleged balance due on a series of eight promissory notes, numbered 1 to 8, inclusive, executed and delivered to appellee by appellant on April 25, 1958. Appellant asserts that the court erred in granting the summary judgment because there are fact issues in the case.

On February 13, 1959 appellee filed its original petition alleging that notes Nos. 5 to 8, inclusive, each in the sum of $1,421.99, became due respectively on September 25, 1958, October 25, 1958, November 25, 1958 and December 25, 1958, and were unpaid, and that on November 28, 1958 it placed said notes with its attorney for collection and notified appellant on December 1, 1958 that note No. 8 was declared due; that thereafter on December 29, 1958 appellant paid appellee $1,421.99, and $1,421.99 on January 10, 1959, leaving a balance due including interest and attorney's fees of $3,802.74 computed as of January 10, 1959.

On March 5, 1959 appellant filed its sworn answer pleading payment generally and also that the notes were paid in accordance with an agreement between appellant and appellee. In response to this pleading, appellee filed its first supplemental petition containing special exceptions and an acknowledgment that appellant on March 12, 1959 paid $2,843.90 to apply on the indebtedness, leaving unpaid as of April 20, 1960 $1,064.48.

On April 22, 1960 apppellee filed its motion for summary judgment and on April

26, 1960 appellant filed an answer to appellee's motion for summary judgment with an affidavit of Leonard Mizell, chairman of appellant's board of directors, in which he states:

"* * * During the latter part of 1958, I made an oral agreement with Mr. J. H. Schroeder, district manager for Mack Trucks, Inc. that we would pay the last installments due in January and February, 1959. The said J. H. Schroeder agreed if payment would be made as agreed, no interest or attorney's fee would be charged. Payment was made as per our agreement and Mizell Construction Company and Truck Line, Inc. does not owe Mack Trucks, Inc. any money."

Thereafter on May 3, 1960, appellee filed its second supplemental petition in which it denied the allegations in appellant's answer and attached affidavit, and averred that the individual named in the affiavit did not make the agreement alleged by appellant and if such agreement was made it would be inadmissible because it would be an attempt to vary the terms of the notes by parol evidence. Appellee's denial is not under oath.

On May 16, 1960 appellant filed its first amended original answer, duly sworn to, in which it again avers payment of the notes and alleges that shortly prior to the due date of note No. 5 (which became due September 25, 1958), said Leonard Mizell called appellee's district manager, one J. L. Schroeder, and told him of appellant's financial difficulties and that it would be more convenient to appellant if appellee "would give him until February of 1959 to pay off the last note", and further told him that if appellee insisted he could borrow the money and pay the notes on the due dates thereof and thereby avoid having them declared due and payable.

Appellant further pled:

"* * * the said J. L. Schroeder, acting in his capacity as district manager for Plaintiff Corporation assured the Defendant that the proposed arrangement would be agreeable and represented and promised to the said Defendant that payment could be made as proposed by the Defendant without the necessity of also paying interest and attorney's fees. That the said Leonard Mizell believed said representations and promises of the Plaintiff's authorized agent, and induced thereby and in reliance thereon, said Defendant did not borrow any money, but fully paid said notes in accordance with the agreement of Plaintiff. That but for said representations and promises of the Plaintiff, the Defendant could and would have taken appropriate measures to borrow the necessary funds and would have paid each note on the due date thereof.

"That notwithstanding the promises and representations made to Defendant, the Plaintiff did, on or about December 1, 1958 declare the entire indebtedness due and proceeded to claim for interest and attorney's fees. That because of the representations, promises and agreement, as above alleged, and the Defendant's reliance thereon to its detriment, the Plaintiff is estopped from declaring said notes due and payable and insisting on the payment of interest and attorney's fees."

■ The law is well settled that the burden of proving that there is no genuine issue of a material fact is upon the party moving for summary judgment, and all doubts as to the existence of such fact issue must be resolved against the movant. Gulbenkian v. Penn, 1952, 151 Tex. 412, 252 S.W.2d 929, and authorities cited.

■ Since the extension agreement upon which appellant relies is oral, in order to be enforceable it must be supported by a valid consideration, and the extension must be for a definite period during which the maker binds himself not to make pay-

ment and the payee forbears his right to bring suit. In the instant case, there is no definite agreement of extension supported by a valid consideration. Tsesmelis v. Sinton State Bank, Tex.Com.App.1932, 53 S. W.2d 461, 85 A.L.R. 319; Crispi v. Emmott, Tex.Civ.App.1960, 337 S.W.2d 314, and authorities cited.

 There are, however, allegations under oath in appellant's affidavit and first amended original answer hereinabove recited, not denied under oath by appellee, which if true would estop appellee from recovering interest and attorney's fees on one or more of the notes. We disagree with appellee that such estoppel is not sufficiently pleaded by appellant. In any event, appellee waived any defect in such pleading by failing to except thereto. Rule 90, Texas Rules of Civil Procedure. It is our view that genuine issues of material facts are raised by appellant's allegations with respect to estoppel. The case of Longbotham v. Ley, 1932, 47 S.W.2d 1109, writ ref., decided by this Court, is squarely in point with respect to appellant's defense of estoppel. See authorities there cited. See also Corbett v. Sweeney, Tex.Civ.App., 151 S.W. 858; Campbell v. Corporation of America, 9 Cir., 1939, 105 F.2d 197; Firestone v. Miroth Const. Co., 1926, 215 App. Div. 564, 214 N.Y.S. 239; Kingston v. Walters, 1911, 16 N.M. 59, 113 P. 594.

 The cases relied upon by appellee relative to varying a written instrument by parol evidence of prior or contemporaneous agreements, are inapplicable to the present case. The agreement, representations and promises relied upon by appellant occurred months after the execution and delivery of the notes, and do not vary the same by parol.

There is no merit in appellee's contention that even if there was an agreement that the last note could be paid in February of 1959, such agreement cannot be relied upon as giving rise to an estoppel because the last note was not paid until March of 1959. True, appellee alleged in its unsworn first supplemental petition that the sum of $2,843.90 was paid on March 12, 1959. Appellant, however, in its sworn amended answer and also in its affidavit stated that payments were made in accordance with the agreement pleaded by it, which agreement provided that the last note would be paid in February.

Since appellant has raised genuine issues of material facts, the case must be reversed and remanded for trial.

Reversed and remanded.