Robert L. SONFIELD, Jr., Appellant,

v.

G. D. EVERSOLE, Appellee.

No. 7802.

Court of Civil Appeals of Texas.

Texarkana.

May 2, 1967.

Rehearing Denied May 23, 1967.

Robert L. Sonfield, Sonfield, Sonfield & Lawrence, Houston, for appellant.

Fred W. Hodson, Jr., Erwin, Wagner & Hodson, Houston, for appellee.

CHADICK, Chief Justice.

This is a suit to reduce to judgment a negotiable promissory note. A summary judgment for the payee was entered in the trial court and is here affirmed.

The defendant in the trial court, Robert L. Sonfield, Jr., and George H. Lawrence (not made a party to the suit) were co-makers of the note, and G. D. Eversole, the plaintiff, was payee. The note is regular and complete on its face; the principal amount is $21,000.00, date is February 2, 1965, interest is Six per cent per annum, and both principal and interest are payable on or before the expiration of one year from date. Defendant Sonfield filed verified pleadings in the trial court and in response to the plaintiff's summary judgment motion filed an affidavit setting out facts relied on to relieve him partially or wholly from his obligation to pay the note.

The Sonfield affidavit describes a series of transactions beginning in October, 1963, culminating in the execution of the $21,000.-00 note. It states that contemporaneously with the execution of the note the parties to it agreed that Sonfield would be liable to pay $10,500.00 of the face amount, and co-maker Lawrence's liability was for a similar sum. In a separate paragraph the affidavit says:

"* * * Shortly after execution of the note, however, the exact date being forgotten, it was mutually agreed between Plaintiff and Affiant for himself and on behalf of the said George H. Lawrence that the maturity date of the note was extended for an additional period of one year so as to become due and payable on February 2, 1967, and that the said note would be further renewed from year to year, to become due and payable on the said February 2 of each such year, until the said capital stock of RCA Investment Corporation became marketable through a regularly licensed broker who is a member of a national stock exchange and is being bought, sold and traded in the securities market. Defendant believed that Plaintiff would abide such agreement and relied thereon."

In the trial of a lawsuit the parol evidence rule excludes from the court's consideration extrinsic evidence of prior or "contemporaneous expressions of the parties relating to the same subject matter as that to which the written memorial relates", on the theory that "reduction of a transaction to a final written form supersedes prior and contemporaneous outside expressions of the parties" if the extrinsic evidence contradicts or varies the terms of

the written instrument. 2 Tex. Law of Evidence, § 1601, 1602, and 1671. There are numerous exceptions to the rule, extrinsic evidence is admissible to show fraud, duress, and in a variety of other situations involving written instruments. However, the proof in this record does not bring the claimed contemporaneous agreement fixing Sonfield's liability on the note at one-half of its face amount within any recognized exception; estoppel was plead and that defense will be examined in subsequent discussion. Appellant has not cited a factually similar case in which a Texas Court has held extrinsic evidence admissible to show an agreement limiting the amount a maker of a note is obligated to pay to a lesser sum than the face of the note. An accommodation maker, surety, etc., is to be distinguished from a simple maker of a note as the technical term is used here. The agreement shown by the affidavit is a classic example of an agreement rendered inadmissible by the parol evidence rule. See Tex.Jur. (2) § 342 (1961) for a broad statement of the rule.

■ Next for consideration is the agreement made after execution of the note to extend the time of payment as set out in the extract from the Sonfield affidavit quoted above. Evidence of such an agreement is admissible and must be considered when all the elements essential to the creation of a contract are shown by the tendered proof. 9 Tex.Jur.2d Bills and Notes § 303 (1959). Among the necessary provisions of a contract for an extension is agreement that payment be extended to a fixed time. Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061 (1895); Tsesmelis v. Sinton State Bank, 53 S.W.2d 461, 85 A.L.R. 319 (Tex.Comm.App.1932); Kirby v. American State Bank of Amarillo, 18 S.W. 2d 599, 63 A.L.R. 1528 (Tex.Comm.App. 1929). The only evidence of an agreement to extend time of payment is contained in the section of Sonfield's affidavit above quoted. On examination it is apparent

that the agreement does not fix a definite and certain future time for payment. The date payment matures is the date a certain stock becomes marketable in a particular way. There is no evidence that such event is bound to occur. The proof fails to show a valid contract extending the time for payment of the $21,000.00 note.

■■ Defendant Sonfield plead that he believed Eversole would abide by the time of payment extension agreement, that he relied upon it and was thereby lulled into a sense of security which Eversole is estopped to interrupt by suing to reduce the note to judgment. A very respected text, 31 C.J.S. Estoppel § 63 (1964), in discussing equitable estoppel (estoppel in pais) makes an incisive statement of the particular phase of the doctrine invoked here, and the public policy underlying, it in this language:

"One of the purposes of estoppel is to prevent one person, by throwing another off his guard, from obtaining an unfair advantage or from acting inconsistently to another's disadvantage. So, where one party has by his representations or conduct induced the other party to a transaction to give him an advantage which it would be against equity and good conscience for him to assert, he will not in a court of justice be permitted to avail himself of that advantage. However, the doctrine of equitable estoppel may not be properly invoked to permit the party asserting it to secure an undue advantage."

Failure to extend the time for payment of the note is not shown to have worked to Eversole's advantage, or to accord him a benefit not otherwise enjoyed as payee under the written provisions of the note. Neither is there shown a disadvantage to Sonfield resulting from reliance upon the agreement. The extension agreement is not shown to have changed or to have induced him to change his position in a detrimental way. Estoppel is not supported by proof.

The record left the trial court no alternative but to grant the motion for summary judgment; and as the record stands this court has no alternative to affirmance. The judgment is affirmed.