**Carey Patrick PACE, Appellant,**

v.

**A. A. WELLS, Appellee.**

**No. 7154.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 24, 1970.

Rehearing Denied Oct. 15, 1970.

R. A. Richardson, Kountze, for appellant.

R. S. Coe, Kountze, for appellee.

PARKER, Chief Justice.

Summary judgment was rendered on January 16, 1970, in favor of A. A. Wells as plaintiff against Carey Patrick Pace as defendant upon a promissory note executed by the latter and payable to Wells. The judgment provided:

"It is accordingly ORDERED, ADJUDGED and DECREED that Plaintiff, A. A. WELLS, do have and recover of the Defendant, Carey Patrick Pace, the sum of $36,385.88, plus interest thereon at the rate of 5% per annum from February 15, 1965, until the date of this Judgment on January 16, 1970.

"It is also ORDERED, ADJUDGED and DECREED that Plaintiff, A. A. WELLS, have and recover from the Defendant Carey Patrick Pace a sum equal to 10% of the amount of the unpaid principal and interest owing on the date of this judgment, as Attorney fees, plus court costs accrued herein.

"The amount of this Judgment, including interest accrued until January 16, 1970, and including attorney fees, is to bear 6% interest per annum from January 16, 1970 until paid."

Pace has appealed. The parties will be called by their names or will be designated as they were in the trial court.

The plaintiff sued on the unpaid balance owing on the note and attached to his original petition a copy of said note. An affidavit by plaintiff, Wells, was attached to and made a part of his motion for summary judgment stating that he is the owner and holder of the note:

"* * * which is due, unpaid, and all offsets payments and credits set out in my petition have been allowed, and there are no other agreements concerning said note, or the payment thereof, other than the terms set out in said note."

In considering this summary judgment we respect and follow the holding of the Supreme Court of Texas in Great American

Reserve Ins. Co. v. San Antonio Plumbing Sup. Co., 391 S.W.2d 41, 47 (Tex.Sup. 1965), as follows:

> "Rule 166–A, Texas Rules of Civil Procedure, provides that summary judgment shall be rendered if it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. Tigner v. First Nat'l Bank, 153 Tex. 69, 264 S.W.2d 85 (1954); Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929 (1952). In other words, the evidence must be viewed in the light most favorable to the party opposing the motion. Valley Stockyards Co. v. Kinsel, 369 S.W.2d 19 (Tex. Sup.1963); Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93 (1954)."

As said by our Supreme Court in In Re Price's Estate, 375 S.W.2d 900, 904 (Tex. Sup., 1964):

> "It was never intended to deprive litigants of their right to a full hearing on the merits of any real issue of fact."

Discarding and not considering any controverted question of fact, it is undisputed that:

(a) On June 21, 1964, Carey Patrick Pace, as maker, executed a promissory note to Alvin A. Wells, as payee, in the principal sum of $40,000.00 bearing interest at the rate of five per cent per annum, payable in annual installments of $12,500.00 each, the first installment being due on or before February 15, 1965, providing that should the note be placed in the hands of an attorney for collection, or if collected by suit or through the court, Pace agreed to pay ten per cent additional on the principal and interest then due thereon as attorneys fees.

(b) That Alvin A. Wells is the owner and holder of said note.

(c) On February 15, 1965, Pace paid the $12,500.00 annual installment on principal plus interest accrued on $40,000.00 to that date. No other payments of principal or interest were made.

(d) Thereafter, the note was placed in the hands of an attorney for collection.

Defendant below now contends, as he did in his afffidavit filed in opposition to the motion for summary judgment that:

> "This affiant [defendant and appellant] says that after he executed the note sued upon and declared upon in plaintiff's said petition and marked Exhibit 'A' in said petition, the plaintiff, A. A. Wells agreed with this defendant that said note was a mere formality and that said defendant Carey Patrick Pace could pay said note in another manner. Briefly, your affiant says that said A. A. Wells agreed with said affiant that *he, affiant, would not be held to payment strictly in accordance with said note but that he, affiant, could 'pay off said note when he was financially able to pay same' and was not to be bound by the times of payment of the installments of said note as set out therein.*" (Emphasis supplied)

■ Defendant contends that when the movant for summary judgment (plaintiff) is unable to demonstrate conclusively "that there is no material issue of fact raised by the pleadings, the motion should be denied." Defendant contends the above agreement raised an issue of fact. As held in Shepherd v. Erickson, 416 S.W.2d 450, 452 (Tex.Civ.App.—Houston, 1st Dist., 1967, error ref., n. r. e.):

> "The law is well settled that the extension of a note must be for a definite period in order to be enforceable as an extension agreement. Tsesmelis v. Sinton State Bank, Tex.Com.App.1932, 53 S.W.2d 461, 85 A.L.R. 319; Dickson v. Kilgore State Bank, Tex.Com.App.1924, 257 S.W. 867; Crispi v. Emmott, 337 S.W.2d 314, Tex.Civ.App.1960, and authorities cited therein. The mere pay-

ment of a part of an obligation that is due and payable is not a consideration for an agreement to extend the time of payment of the balance due on such obligation. Corbett v. Sweeney, 151 S.W. 858, Tex.Civ.App., error ref.; Neyland v. Lanier, 273 S.W. 1022, Tex.Civ.App. 1925."

 Further, we adopt the holdings made in Sonfield v. Eversole, 416 S.W.2d 458, 460 (Tex.Civ.App.—Texarkana, 1967, error ref., n. r. e.):

"Among the necessary provisions of a contract for an extension is agreement that payment be extended to a fixed time. Benson v. Phipps, 87 Tex. 578, 29 S.W. 1061 (1895); Tsesmelis v. Sinton State Bank, 53 S.W.2d 461, 85 A.L.R. 319 (Tex. Comm.App.1932); Kirby v. American State Bank of Amarillo, 18 S.W.2d 599, 63 A.L.R. 1528 (Tex.Comm.App.1929)."

This contention of the defendant and his points of error relating thereto are overruled.

Pace also contends in his points of error that the judgment entered was excessive. This contention is sustained.

Summary judgment was rendered on January 16, 1970. The total amount of principal and interest due on such note plus ten per cent attorney's fees thereon on that date was $37,686.42. Such amount is calculated as follows:

I. $27,500.00 was the unpaid balance on February 15, 1965.

II. $6,760.38 is five per cent per annum interest on $27,500.00 for four years and eleven months.

III. The total of the above two amounts is $34,260.38.

IV. Ten per cent of $34,360.38 is $3,-426.04.

The judgment should have been entered for $37,686.42 plus six per cent per annum interest thereon from January 16, 1970,

plus costs. Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (Tex.Sup., 1963). There was an error in calculating the unpaid balance on the note and the plaintiff below in his brief in this court as appellee requested:

"* * * that this Honorable Court calculate such unpaid balance, and interest, and modify the judgment so that the amount of recovery will be correct, and as so modified, Appellee urges that the judgment be affirmed."

 Judgment of the trial court is corrected, reformed and modified to conform with our statement as to the judgment that should have been rendered below and as so corrected, modified and reformed, the judgment of the trial court is affirmed with all costs adjudged against the plaintiff below, the appellee herein. Rules 434 and 435.