**Thomas MACEO, Appellant,**

v.

**George DOIG, Appellee.**

No. 12584.

Court of Civil Appeals of Texas, Austin.

Nov. 16, 1977.

Rehearing Denied Dec. 7, 1977.

Alfred E. Glenn, Austin, for appellant.

Philip C. Friday, Jr., Susan M. Kelley, Friday & Kazen, P.C., Austin, for appellee.

O'QUINN, Justice.

George Doig brought this lawsuit in county court at law in Travis County against Thomas Maceo to recover on a promissory note in the sum of $830, plus interest and attorney's fees. Maceo's answer ultimately filed set up general.denial and plea in bar invoking the four-year statute of limitations.

It is undisputed that suit was filed after expiration of four years from due date of the note, and the principal issue is whether the oral renewal and extension pleaded by Doig and proof made under the plea are sufficient to support the trial court's judgment against Maceo in the amount of $1,678.10.

Maceo has appealed and brings two points of error under which he contends that the evidence was insufficient to support a finding of consideration for an agreement to renew and extend the note and that the court erred in concluding the cause of action was not barred by limitations.

We will overrule the points of error and affirm judgment of the trial court.

Maceo first executed a note payable to Doig on August 12, 1968, in the principal sum of $719, bearing interest at six percent per year. Nothing was paid on the note, and thereafter, on August 9, 1971, Maceo

executed a new note in the sum of $830, which included the unpaid principal sum of the earlier note, plus interest, and bore interest at seven percent per annum. Maturity of the note was fixed at August 31, 1971. Maceo paid $75 on the note the following year, on September 26, 1972.

Nothing more was paid on the note, and in June of 1975 Doig renewed repeated prior requests for payment, at which time Maceo asked Doig for additional time in which to pay, and Doig agreed to extension of time when Maceo said he would pay "within the few months, in the summer, and get back to" Doig with payment. The following September, having received no payment, Doig called Maceo by telephone to make demand for the note. Someone, whose voice sounded to Doig like the voice of Maceo, answered but promptly switched to a recording device. Doig stated to the recording device that he would employ an attorney to act in his behalf regarding the note. Doig filed suit on January 27, 1976.

Judgment by default for Doig was rendered on March 15, 1976, after Maceo, although served by process, failed to file an answer and did not appear in person or by attorney. Later an attorney for Maceo on March 23 filed motion to set aside the judgment, and the judgment subsequently was set aside by order entered May 5, 1976. Thereafter trial was held in September of 1976 before the court without aid of a jury, at which time Maceo appeared by attorney but was not present in person. It is from the trial court's judgment entered September 15 that this appeal has been taken.

 The rule is firmly established in Texas that the giving of a new promise for a previous indebtedness generally is treated as a new contract, and the new agreement creates new evidence of the existing indebtedness. *Schwab v. Schlumberger Well Surveying Corporation*, 145 Tex. 379, 198 S.W.2d 79 (1946). An oral contract of extension on a promissory note is valid and binding, and the new contract is supported by valid consideration if, as in this case, the holder of the note gives up his right to sue for a period of time while retaining his

contractual right to interest during the extended time and the maker of the note secures the benefit of the holder's forbearance. *Benson v. Phipps*, 87 Tex. 578, 29 S.W. 1061 (1895); *McNeill v. Simpson*, 39 S.W.2d 835 (Tex.Comm'n App.1931), holding approved, affirming 24 S.W.2d 485, 488 (Tex.Civ.App.).

 The trial court did not file findings of fact and conclusions of law, and none was requested. Judgment of the court must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Seaman v. Seaman*, 425 S.W.2d 339 (Tex.Sup.1968); *Longhorn Flying Club, Inc. v. Dragoo*, 464 S.W.2d 189 (Tex.Civ.App. Austin 1971, writ ref'd n. r. e.). Validity of the judgment must be tested on the assumption that the trial court found every disputed fact in such a way as to support the judgment rendered. *Rolison v. Puckett*, 145 Tex. 366, 198 S.W.2d 74 (1946); *Longhorn Flying Club, Inc. v. Dragoo, supra*.

Maceo was not present at the trial, and his evidence consisted only of his answers to written interrogatories which were introduced at the trial. Maceo could remember his name and address and that he was born April 3, 1941, but with respect to making of the note his testimony was he could ". . . not remember executing the note but I recognize the copy of my signature." In response to questions as to consideration or benefit received for execution of the note and whether he was justly indebted to Doig at the time of making the note, Maceo answered, "I cannot remember the transaction." Finally, in answer to inquiry as to whether after maturity of the note he and Doig had ". . . any conversations or exchanged any correspondence concerning your payment of said note," Maceo said, "I cannot remember any such conversations or correspondence."

It is undisputed that Maceo was obligated to Doig in 1968 and 1971 for money owed in connection with sale of a residence in Austin, and that the note executed August 9, 1971, was given for the debt. The note matured August 31, 1971, at which time the

statute of limitations started running. When the extension agreement was made in June of 1975, the limitation period had not expired by two or three months. The rule governing the new contract extending time of payment of a promissory note is stated in *McNeill v. Simpson, supra*, in this language:

> "Where the parties to a promissory note, which is past due but is unbarred by limitation, and which by its terms bears interest until paid, mutually agree to an extension of time of payment of the note to a future date, a new contract, based upon a new consideration deemed valuable in law, arises between the parties." (39 S.W.2d 835, col. 2).

The court continued with description of the consideration in promises flowing from each party, and concluded, "Each of these new promises constitutes the consideration for the other, and a binding contract, embodying the terms of the note, as modified by the new agreement, results. *Benson v. Phipps*, 87 Tex. 578, 29 S.W. 1061, 47 Am.St. Rep. 128."

Maceo on appeal contends that because Doig delayed bringing suit until January of the year following Maceo's failure to pay the debt at the end of the summer of 1975, the suit was barred by the four-year statute of limitations. "Limitation does not commence to run against an action to enforce the debtor's new promise to pay, until the time for performance of the new promise arrives." *McNeill v. Simpson, supra*, and cases cited. (39 S.W.2d 836, col. 1). See 37 Tex.Jur.2d *Limitation of Actions*, sec. 191 (1962).

■ After Maceo's last failure to pay, in accord with the new parol contract, a new statute of limitations was applicable, and the action would not be barred until two years later. *Zuehlke v. Irvin*, 32 S.W.2d 868 (Tex.Civ.App. Austin 1930, no writ); *McNeill v. Simpson*, 24 S.W.2d 485, 488 (Tex.Civ.App. Waco 1929), affirmed 39 S.W.2d 835 (Tex.Com.App.); *First State Bank v. Bowman*, 203 S.W. 75 (Tex.Civ.App. Texarkana 1918, no writ).

■ Maceo further complains on appeal that the period of time for extension agreed to in June of 1975 was too vague and indefinite to be binding on him. Maceo promised Doig in June that he would get the money within a few months, "in the summer," and get back to Doig with the money. At the end of the summer, Maceo had failed to pay, and Doig gave notice that he intended to effect collection by an attorney. The general rule is that even if no certain date to which payment has been postponed is expressed, certainty suffices if the event is certain to which postponement is granted. *Martin v. Fannin Bank*, 389 S.W.2d 724, 726 (Tex.Civ.App. Houston 1965, no writ) and cases cited.

The Supreme Court held in 1910 that a contract extended "until late in the fall" provided a time sufficiently certain to submit issues to a jury upon which to make findings. *Hancock v. Stacy*, 103 Tex. 219, 125 S.W. 884, 888 (1910). This Court decided the time of postponed payment was sufficiently definite where time was extended on a note due December 1, 1897, "until the fall of the next year," and that the extension was "at least to the 1st day of September" of 1898. *Robinson v. Brown*, 57 S.W. 83, 84 (Tex.Civ.App. Austin 1900, no writ).

■ We hold that the trial court correctly found that the evidence supported a valid and binding contract of extension of the time for payment of the promissory note and that the suit brought for collection of the debt was not barred by limitations.

Judgment of the trial court is in all things affirmed.