Richard John VOELKER, Jr., Appellant,

v.

HERA, f/k/a Betty Calvert Voelker, Appellee.

No. 8876.

Court of Civil Appeals of Texas, Texarkana.

April 7, 1981.

M. J. (Ike) Vanden Eykel, Seeligson, Douglass & Falconer, Dallas, for appellant.

Robert C. Cox, J. Kevan Dilbeck, Erhard, Cox & Ruebel, Dallas, for appellee.

HUTCHINSON, Justice.

This is an appeal from the granting of a motion for summary judgment.

Appellant, Richard John Voelker, Jr., and appellee, Hera, f/k/a Betty Calvert Voelker, were formerly husband and wife. Appellee filed this suit to collect the balance due on a promissory note, together with interest and attorney's fees, and to foreclose her security interest in certain property owned by appellant which secured the payment of the note. The note and security interest were awarded to appellant, by agreement, in the divorce decree between the parties.

Appellee filed a motion for summary judgment which was opposed by appellant contending the the parties had orally agreed to extend the due date of the note. The motion was granted and judgment was entered for the appellee.

Appellant's only point of error asserts that the trial court erred in granting the motion for summary judgment because there was raised a genuine issue as to a material fact with regard to the existence of an oral agreement to extend the due date of the note.

In order for there to be a binding oral extension of the time for the payment of the note, three things must be shown. First, it must be shown that the maker binds himself not to make payment before the new due date and the payee agrees to forbear collection on the note during the period of extension. *Tsesmelis v. Sinton State Bank*, 53 S.W.2d 461 (Tex.Com.App. 1932, opinion adopted); *Mizell Construction Company and Truck Line, Inc. v. Mack Trucks, Inc.*, 345 S.W.2d 835 (Tex.Civ.App.–Houston 1961, no writ); *Crispi v. Emmott*, 337 S.W.2d 314 (Tex.Civ.App.–Houston 1960, no writ); *Tolbert v. McSwain*, 137 S.W.2d 1051 (Tex.Civ.App.–El Paso 1939, no writ). Next, the extension must be for a length of time certain. *Maceo v. Doig*, 558 S.W.2d 117 (Tex.Civ.App.–Austin 1977, writ ref'd n.r.e.); *Pace v. Wells*, 458 S.W.2d 474 (Tex.Civ.App.–Beaumont 1970, writ ref'd n.r.e.); *Sonfield v. Eversole*, 416 S.W.2d 458 (Tex.Civ.App.–Texarkana 1967, writ ref'd n.r.e.). Finally, there must be valid consideration to support the extension. *Tsesmelis v. Sinton State Bank*, supra; *Mizell Construction Company and Truck Line, Inc. v. Mack Trucks, Inc.*, supra; *Crispi v. Emmott*, supra. Forbearance of a right to make a delinquent payment in order that the creditor will earn a set amount of interest under the extension agreement can be considered as valid consideration. *Thompson v. First Austin Company*, 572 S.W.2d 80 (Tex.Civ. App.–Fort Worth 1978, writ ref'd n.r.e.); *Maceo v. Doig*, supra.

It is also to be noted that the movant for summary judgment has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex. 1970). However, if the movant establishes a right to recover on his cause of action and the non-movant seeks to rely upon an affirmative defense, the burden is on the non-movant to bring forward summary judgment proof sufficient to raise an issue of

fact with respect to his affirmative defense. *Life Ins. Co. of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378 (Tex.1978); *Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974). Here the appellant seeks to raise a material fact issue to appellee's suit on the note by use of the affirmative defense of an oral extension of the time of payment and in order to accomplish this he has the burden of showing the existence of a fact issue on each element of his affirmative defense. Yet, however, the evidence favorable to him must be taken as true and every reasonable inference in his favor must be by the court indulged in and any doubts resolved in his favor. *Wilcox v. St. Mary's University of San Antonio,* supra.

 Appellee seems by her brief to concede that appellant raised a fact issue regarding additional consideration to support an extension, but in so doing insists that there is no evidence regarding a definite time or a date certain as to when the note would mature and be payable under an extension agreement. The record has been reviewed in this regard and we agree with the holding of the trial court. In his deposition, a part of the summary judgment proof, appellant stated that under the alleged agreement he would "remit any additional funds to her as they were available" and that "we agreed I would make interest and principal payments as funds were available after expending funds on the children." Also, "The agreement was or the substance of the agreement was that I would continue to spend money on the children until they were gone, finished, in college, out of—past the age of 18 and which I was no longer legally responsible for them, at which time, if I hadn't paid it off first, would finish paying it off." In his affidavit, appellant states that the extension was to run "until some undetermined time." Our courts have failed to find a time certain in the expression that a note or obligation will not be paid until (1) "... he was financially able to pay same ...", *Pace v. Wells,* supra; (2) "... the capital stock of RCA Investment Corporation became marketable through a regularly licensed broker ...", *Sonfield v. Eversole,* supra; and, (3)

"... periodically at my convenience." *White v. Lakewood Bank and Trust Co.,* 438 S.W.2d 129 (Tex.Civ.App.–Dallas 1969, no writ). Viewing the evidence of the present case in the light most favorable to appellant it is apparent that he failed to raise a fact issue that there was a time certain for the payment of the note.

The judgment of the trial court is affirmed.