Affirmed and Memorandum Opinion filed August 22, 2006








Affirmed and Memorandum Opinion filed August 22, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-01074-CV

_______________

 

BRUCE E. GARDNER, Appellant

 

V.

 

CLAUDE CUMMINGS JR. & RUTH CUMMINGS, Appellees

                                                                                                                                               


On Appeal from the 234th District Court

Harris County, Texas

Trial Court Cause No. 01‑62783

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N








Appellant,
Bruce E. Gardner, appeals from a take-nothing judgment entered in favor of
appellees, Claude Cummings Jr. and Ruth Cummings,[1]
in Gardner=s breach of contract suit.  In three issues, Gardner contends the trial
court erred by granting a new trial and by finding his suit was barred by the
statute of limitations.  Because all dispositive issues are clearly settled in
law, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.

I.  Background

In 1992,
Gardner leased a residence to appellees.  On February 14, 1996, Mr. Cummings
entered into a written contract with Gardner modifying the terms of the lease. 
The contract included a payment schedule for  past-due rent and set the terms
and conditions for appellees= continued occupation.  Appellees paid three of the scheduled
installments but failed to make payments after April 5, 1996.  Gardner sent an
eviction notice approximately one month later, and appellees vacated the
premises in August 1996. 

In
addition to the rent, appellees owed Gardner attorney=s fees for his legal services in an
unrelated matter.  In January 2000, Gardner and Mr. Cummings discussed both
outstanding debts by telephone.  According to Gardner, Mr. Cummings stated he
did not intend to pay the legal fees, but he agreed to pay $6,725 as full
satisfaction for the unpaid rent by December 31, 2000.  Gardner sent a letter
to Mr. Cummings confirming the oral agreement.  Gardner filed suit against
appellees in May 2000 to recover the unpaid attorney=s  fees.  However, Gardner did not
file the suit at issue here for unpaid rent and other damages until December
10, 2001.

In
January 2004, the trial court granted summary judgment in favor of Gardner on
his suit for unpaid rent.  Appellees never filed a response to Gardner=s motion for summary judgment and did
not appear at the hearing.  After judgment was entered, appellees filed a
motion for new trial on the grounds that a legislative continuance should have
been granted. The trial court held a hearing and granted the motion for new
trial.  Following a bench trial, the trial court entered a take-nothing
judgment against Gardner.  

 

 








II.  Motion for New Trial

In his
first issue, Gardner contends the trial court erred by granting appellees= motion for new trial.  However, Aexcept in very limited circumstances,
an order granting a motion for new trial rendered within the period of the
trial court=s plenary power is not reviewable on appeal.@  Wilkins v. Methodist Health Care
Sys., 160 S.W.3d 559, 563 (Tex. 2005) (citing Cummins v. Paisan Constr.
Co., 682 S.W.2d 235, 236 (Tex. 1984)).  There are only two recognized
instances in which a trial court has been directed to set aside an order
granting a new trial: (1) when the order was wholly void because it was not
entered in the term in which the trial was conducted; and (2) when the trial
court specified in its written order that its sole ground for granting the
motion was that the jury=s answers to special issues were conflicting.  See id;
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 918 (Tex. 1985).
Neither of these situations exists here. 

Here,
the trial court granted the motion for a new trial Ain the interest of justice@ after judgment was entered against
appellees when they failed to respond or appear at the hearing to contest
Gardner=s motion for summary judgment.  The
trial court did not further specify the grounds for its ruling, and a record of
the hearing is not included in the appellate record. Therefore, we cannot
conclude the trial court abused its discretion by granting the motion for new
trial.  See Johnson, 700 S.W.2d at 918 (finding no abuse of discretion
when the trial granted a motion for new trial Ain the interests of justice and
fairness@).  

III. Statute of Limitations 








In his
second and third issues, Gardner contends the trial court erred by finding the
statute of limitations barred his suit.  Although he does not set forth a
standard of review, Gardner argues that appellees produced Ano evidence@ to establish the statute of
limitations barred the claim.  Therefore, we construe his argument as
challenging the legal sufficiency of the evidence.  In reviewing the evidence
for legal sufficiency, we consider the evidence in the light most favorable to
the verdict and indulge in every reasonable inference that supports it.  City
of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We sustain a legal
sufficiency or Ano-evidence@ challenge when the record discloses one of the following situations:
(1) complete absence of evidence establishing a vital fact; (2) the court is
barred from rules of law or of evidence from giving weight to the only evidence
of a vital fact; (3) the evidence offered to prove a vital fact is no more than
a mere scintilla; or (4) the evidence conclusively establishes the opposite of
a vital fact.  Id. at 810.  Here, Gardner did not properly request, and
the trial court did not file, findings of fact or conclusions of law. 
Therefore, we must assume the trial court made all findings in support of its
judgment.  Pharo v. Chambers County, 922 S.W.2d 945, 948 (Tex. 1996). 

The
statute of limitations is an affirmative defense, and the burden is on the
defendant to Aplead, prove, and secure findings to sustain its plea of limitations.@  Tex.
R. Civ. P. 94; Woods v. William M. Mercer, Inc., 769 S.W.2d 515,
517 (Tex. 1988).  When a party without the burden of proof challenges legal
sufficiency of the evidence to support an adverse finding, he must demonstrate
that there is no evidence or insufficient evidence to support the adverse
finding.  See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).    

The
limitations period on a suit for debt or breach of contract is four years.  Tex. Civ. Prac. & Rem. Code Ann. ' 16.004 (Vernon 2002); Tex. Civ. Prac. & Rem. Code Ann. ' 16.051 (Vernon 1997); Stine v.
Stewart, 80 S.W.3d 586, 592 (Tex. 2002).  A breach of contract claim
accrues on the date the contract is breached.  Stine, 80 S.W.3d at 592. 
Where an installment contract calls for fixed, periodic payments, a separate
cause of action accrues for each missed payment.  See F.D. Stella Prod. Co.
v. Scott, 875 S.W.2d 462, 465B66 (Tex. App.CAustin 1994, no writ) (ATexas law is settled that in any
circumstances where a contract requires fixed, periodic payments, the statute
of limitations for a breach-of-contract claim will bar only those payments due
more than four years before the filing of the suit.@).  








It is
undisputed that appellees entered into a written installment contract with
Gardener on February 14, 1996.  The terms of the agreement called for periodic,
fixed payments of past-due rent through July 18, 1996 and future rent through
December 20, 1996. It is undisputed that the last payment Gardner received for
past-due rent was on April 5, 1996.  Gardner testified that Asubsequent to [April 5, 1996], no
payments were received and [appellees] were in breach of their agreement.@  It is also undisputed that
appellees continued to rent on a month-to-month basis, and the payments for
future rent were conditioned on appellees= continued occupation.  Gardner
testified that appellees remained on the property until August 1996. 
Therefore, the last installment payment under the terms of the contract was due
in August 1996.  Gardner did not file suit until December 2001, over a year
after the four-year limitations period. Thus, absent proof that the statute of
limitations was avoided, appellees have established the limitations defense as
a matter of law.  See Woods, 769 S.W.2d at 517.

Although
his argument is unclear, Gardner appears to suggest the following three means
by which he avoided the statute of limitations bar: (1) appellees specifically
agreed to toll the statute of limitations; (2) appellees entered into an oral
contract acknowledging the debt and extending the due date; and (3) appellees
are estopped from asserting the statute of limitations.  A party asserting a
matter in avoidance of the statute of limitations at trial bears the burden of
proving and securing favorable findings thereon.  See id. at 518 &
n.2.  When a party attacks the legal sufficiency of an adverse finding on which
he has the burden of proof, he must demonstrate that the evidence establishes,
as a matter of law, all vital facts in support of the issue.  Dow. Chem. Co.
v. Francis, 46 S.W.3d 237, 241 (Tex. 2001).  

A.        Oral Agreement to Toll the
Statute of Limitations  








First,
Gardner appears to argue that appellees entered into an oral agreement to toll
the statute of limitations.  The statute of limitations is a personal privilege
that may be waived either before or after expiration of the statutory time
period.  Duncan v. Lisenby, 912 S.W.2d 857, 858B59 (Tex. App.CHouston [14th Dist.] 1995, no writ); Am.
Alloy Steel, Inc. v. Armco, Inc., 777 S.W.2d 173, 177 (Tex. App.CHouston [14th Dist.] 1989, no writ). 
However, an agreement to toll the statute of limitations must be specific and
for a reasonable time.  Duncan, 912 S.W.2d at 858B59; Am. Alloy, 777 S.W.2d at
177.  

Gardner
bases his argument on the January 2000 telephone conversation in which Mr.
Cummings agreed to pay $6,725 as full satisfaction of the debt.  However,
Gardner admitted at trial that they did not discuss the statute of limitations
during this conversation.  Further, Gardner=s letter confirming the terms of the
agreement does not address the statute of limitations.  Accordingly, we
conclude there is legally sufficient evidence to support the trial court=s implied conclusion that there was
no agreement to toll the statute of limitations.  See Am. Alloy, 777
S.W.2d at 177 (rejecting the claim that the statute of limitations was waived
when the alleged agreement did not address the statute of limitations).   

 B.       Oral Agreement to Extend
the Due Date

Appellant
also contends appellees orally acknowledged the debt and orally agreed to
extend the due date in the January 2000 phone conversation.  When a debt is
past due, but not yet barred by the statute of limitations, a party may enter
into an oral agreement extending time for payment.  Fuqua v. Fuqua, 750
S.W.2d 238, 242 (Tex. App.CDallas 1988, writ denied); see also McNeill v. Simpson, 39
S.W.2d 835, 835B36 (Tex. Comm=n App. 1931, holding approved); Cadle Co. v. Butler, 951
S.W.2d 901, 910 (Tex. App.CCorpus Christi 1997, no writ); Voelker v. Hera, 616
S.W.2d 647, 648 (Tex. Civ. App.CTexarkana 1981, no writ); Maceo v. Doig, 558 S.W.2d
117, 119B20  (Tex. Civ. App.CAustin 1977, writ ref=d n.r.e.); cf. Tex. Civ. Prac. & Rem. Code Ann. ' 16.065 (Vernon 1997) (AAn acknowledgment of the justness of
a claim that appears to be barred by  limitations is not admissible in evidence
to defeat the law of limitations if made after the time that the claim is due
unless the acknowledgment is in writing and is signed by the party to be
charged.@).








A new
promise to pay a previous debt not barred by the statute of limitations is
treated as a new contract.  Maceo, 558 S.W.2d at 119.  The new contract
must be supported by valid consideration.  See id.  Courts have found
valid consideration on interest-bearing promissory notes when the extension is
for a definite period during which the debtor binds himself not to make
payments and the creditor forbears his right to bring suit.  See Tsesmelis
v. Sinton State Bank, 53 S.W.2d 461, 462B63 (Tex. Comm=n App. 1932, opinion adopted); McNeill,
39 S.W.2d at 835B36; Voelker, 616 S.W.2d at 647; Maceo, 558
S.W.2d at 119B20; Mizell Constr. Co. & Truck Line, Inc. v. Mack Trucks, Inc.,
345 S.W.2d 835, 837B38 (Tex. Civ. App.CHouston 1961, no writ); Crispi v.
Emmott, 337 S.W.2d 314, 318 (Tex. Civ. App.CHouston 1960, no writ).  Under these
circumstances, the creditor earns interest for a set period of time in return
for giving up his right to demand immediate payment.  McNeill, 39 S.W.2d
at 835B36; Maceo, 558 S.W.2d at 119B20.  Courts have found no
consideration when no interest is due or when the debtor retains his right to
make payments at any time before the extension period is expired.  See
Tsesmelis, 53 S.W.2d at 463; Mizell, 345 S.W.2d at 837B38; Crispi, 337 S.W.2d at
318.  Such an extension amounts to a Amere forbearance or indulgence on the
creditor=s part@ and does not result in the formation
of a new contract.  Tsesmelis, 53 S.W.2d at 463.    

Gardner
testified that Mr. Cummings agreed during their telephone conversation to pay
$6,725 as a lump-sum payment in full satisfaction for the past-due rent as soon
as he sold some property.  Gardner further testified that Ahe [Mr. Cummings] was very vague as
to when he was going to pay.  He said, you know, maybe the spring or the
summer, but definitely by the end of the year.@  Gardner agreed to waive all late
fees.  The telephone conversation took place in January 2000, before the
statute of limitations expired.  Appellees did not testify or offer any
evidence disputing the oral agreement.








Gardner
introduced into evidence a copy of a letter he sent to Mr. Cummings the next
day confirming the oral agreement.  The letter does not state that Mr. Cummings
agreed to pay interest on the amount.[2]  Gardner did
not testify that Mr. Cummings agreed to pay interest. 

Unlike
most cases in which courts have found a valid oral extension of the due date,
the underlying suit here is not based on an interest-bearing promissory note.  See
Tsesmelis, 53 S.W.2d at 462; McNeill, 39 S.W.2d at 835B36; Hoarel Sign Co. v. Dominion
Equity Corp., 910 S.W.2d 140, 144 (Tex. App.CAmarillo 1995, writ denied); Voelker,
616 S.W.2d at 648; Maceo, 558 S.W.2d at 118; Crispi, 337 S.W.2d
at 315B16.  Moreover, there is no evidence
that appellees agreed to pay interest on the past-due rent, and Gardner did not
testify as to any benefit he would receive in return for extending the due date
and waiving late fees.  Further, appellees retained the right to make payments
at any time before January 1, 2001.  See Tsesmelis, 53 S.W.2d at 462B63 (holding evidence that a party
retains the right to pay at any time within a certain time period Ais fatal to the claim of extension@); Mizell, 345 S.W.2d at 837B38 (finding no valid extension when
the parties agreed no interest or attorney=s fees would be charged, and debtors
could pay anytime before a specified date).  Gardner has failed to prove that
the telephone conversation amounted to more than Amere indulgence@ on his part.  See Tsesmelis,
53 S.W.2d at 463.  Accordingly, the evidence is legally sufficient to support
the trial court=s implied conclusion that the parties did not have a valid
oral contract to extend the due date. 








C.        Estoppel 

Finally,
Gardner argues appellees were estopped from asserting the statute of
limitations.  A party may be estopped from asserting a statute of limitations
defense when he or his agent or representative makes representations inducing a
plaintiff to delay filing the suit within the limitations period.  Duncan,
912 S.W.2d at 859; see Villages of Greenbriar v. Torres, 874 S.W.2d 259,
264 (Tex. App.CHouston [1st Dist.] 1994, writ denied) (listing the five elements a party
must prove to invoke estoppel in avoidance of the statute of limitations
defense).  However, Gardner did not plead estoppel, did not argue estoppel at
trial, and did not request that the trial court make any findings concerning
estoppel. Therefore, he has waived the issue of estoppel on appeal.  See Tex. R. Civ. P. 279 (AUpon appeal all independent grounds
of recovery or of defense not conclusively established by the evidence and no
element of which is submitted or requested are waived@); Woods, 769 S.W.2d at 518
(noting that a matter in avoidance of the statute of limitations not
affirmatively raised by the pleadings is waived).

Because
appellees proved as a matter of law that the statute of limitations barred
Gardner=s claim, and Gardner did not
conclusively prove a matter in avoidance, we find the evidence legally
sufficient to support the trial court=s take-nothing judgment.  We overrule
appellant=s second and third issues.  

The
judgment of the trial court is affirmed.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed August 22, 2006.

Panel consists of Justices Hudson,
Fowler, and Seymore.









[1]  We will refer to Mr. and Mrs. Cummings collectively as
Aappellees@
except where necessary to refer to them separately.  





[2]  The relevant portion of the letter provides as
follows:

 

This letter
confirms our conversation in which I informed you of the outstanding balances
due for past rent and related costs and for the legal fees related to
representing you and your spouse in the IRS tax collection case.  Based on our
conversation, you agreed to pay, and I stated I would accept, $6,725.00 to
resolve all matters related to your rental obligations set forth in the Contract
For Payment you signed on February 14, 1996 . . . It is my understanding that
you will make this payment in full after you sell property that you own which
will occur no later than the end of this year . . .